### [No. 4115.]

## THE CLIPPER MINING CO. v. THE ELI MINING AND LAND CO. ET AL.

29 377
e33 145

1. MINES AND MINING — APPLICATION FOR PATENT. —RES JU-DICATA.

Where an application for patent to a placer mining claim was protested on the ground that it was not placer ground and was only valuable for lode claims or townsite purposes and the land department rejected the application for patent because it was not made to appear that the ground was distinctively valuable for placer mining, nor that the applicant had made the improvements required by statute, the action of the land department was not *res judicata* as to the character of the land in a subsequent proceeding either in the land department or before the courts. The decision of the land department was nothing more than a nonsuit and was not conclusive upon the department itself or upon the parties.

2. SAME.—PARTIES.

The decision of the land department in rejecting a patent to a placer mining claim is not *res judicata* as to the character of the land in a subsequent adverse suit between the owner of the placer claim and the owners of lode claims subsequently located within the boundaries of the placer claim where the parties to the adverse suit are not the same as in the former proceeding.

3. MINES AND MINING·-CONFLICTING PLACER AND LODE CLAIMS. TRESPASS.

Where lode claims are located within the boundaries of a prior valid existing placer location but before application for patent of the placer claim, if the lode claims were known to exist at the time the lode claimants entered upon the placer the entry was lawful, but if the veins

were then unknown, the right of possession belonged to the owner of the placer location and this right of possession included the unknown veins, and the entry of the lode claimants for the purpose of prospecting was a trespass and no title could thereby be initiated.

4. APPELLATE PRACTICE. — BILL OF EXCEPTIONS.—EVIDENCE.— FINDINGS.

Where the bill of exceptions does not include the evidence it will be assumed that the evidence sustains the judgment.

5. MINES AND MINING.—CONFLICTING PLACER AND LODE CLAIMS. —ADVERSE SUITS.—FINDINGS OF TRIAL COURTS.

In an adverse suit between the owner of a placer location and the claimants of lode claims located within the boundaries of the placer, the finding of the trial court that the lode claimants went upon the prior existing placer location and *discovered* and located lodes therein, involves the finding that the lodes were unknown at the time of the entry.

6. MINES AND MINING—CONFLICTING LODE AND PLACER CLAIMS.

One may not go upon a prior valid placer location to prospect for unknown lodes and get title to lode claims thereafter discovered and located in this manner within the placer boundaries, unless the placer owner has abandoned his claim, waives the trespass, or by his conduct is estopped to complain of it.

7. SAME.—HARMLESS ERROR.

A ruling of the trial court that under no circumstances may one, before application for a patent of a placer claim, go upon the ground within its exterior boundaries for the purpose of locating a lode, is erroneous, but the ruling must be limited to the facts disclosed by the record, and when the record discloses that the veins or lodes were unknown at the time the lode claimants entered upon the placer for the purpose of prospecting, the error is not prejudicial.

### On Rehearing.

8. APPELLATE PRACTICE. — REHEARING.—SUPPLEMENTAL TRAN-SCRIPT.

A supplemental transcript will not be permitted on rehearing to bring up proceedings in the trial court which occurred subsequent to final judgment and to which no error was assigned on the original hearing, if the matters embodied in the supplemental transcript were known to plaintiff in error before the cause was argued and submitted on original hearing.

9. APPELLATE PRACTICE.—EVIDENCE.

Where the transcript does not purport to contain all of the evidence the reviewing court cannot investigate to ascertain on which side the preponderance of the evidence is, but must assume that the findings of the trial court are sustained by the evidence.

10. MINES AND MINING—KNOWN LODE IN PLACER CLAIM.

Before it can be said that a lode is known to exist within a placer location so as to authorize one to enter thereon and locate the same there must be actual knowledge of its existence as ·contradistinguished from a belief or supposition that it does exist.

*Error to the District Court of Lake County.*

Messrs. THOMAS, BRYANT & LEE and Messrs. HALL & BABBITT, for plaintiff in error.

Mr. John M. MAXWELL, Mr. JOHN A. EWING, Mr. CHARLES CAVENDER and Mr. WALTER W. DAVIS for defendants in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

The plaintiff in error (defendant below) owns four lode mining claims, situate in Lake county, called the Capital, Clipper, Congress and Castle lodes, and the defendants in error (plaintiffs below) own the Searl placer mining claim, within the boundaries of which these lode claims are located. The present controversy relates to the territory thus in conflict. The placer was the prior location, and was made in the year 1877. The plaintiff in error having made application in the land office for patent of its lode mines, the defendants in error filed therein an adverse claim, and within the statutory time brought this action in the district court of Lake county to enforce it.

The plaintiffs rely upon a prior location of the conflicting territory as part of their placer claim. The complaint is in the ordinary form in. actions of this character. After a general denial of the material allegations of the complaint, the answer sets up four

separate defenses, all of which grow out of the ol-lowing facts, which, in varying language, are set up in each defense.

On the 12th of December, 1877, A. D. Searl and others located the Searl placer, and on the 5th of July, 1878, applied for a patent therefor. Numerous protests were made against it, and on the 10th of November, 1882, an amended application was filed, against which protests were likewise made upon the ground that the same was not placer ground, and was only valuable for lode claims or townsite pur-poses. The land department ordered a special in-vestigation to ascertain the character of the ground and the good faith of the applicant. The special agent declared that the land was not placer ground, and on the strength of his report a hearing was or-dered before the local land office of the district, the result of which was a dismissal of the application, for it was not then made to appear, as a present fact, that the ground was distinctively valuable for mining purposes, or that the applicant had made the im-provements required by statute. This ruling was af-firmed by the commissioner of the land office, and in turn by the secretary of the interior. Twelve days after the latter's decision the grantors of defendant company entered upon the ground within the boun-daries of the placer location and thereafter located thereon the lode claims in question.

The special defenses sought to be interposed were substantially; *first*, that plaintiff was not entitled to re-cover because, upon the previous application for a pat-ent of the Searl placer, there was a decision of the land department that the ground included within its boundaries was not placer ground, and the attempted location was for that reason void, and such decision

was *res adjudicata* of the present controversy; *second*, assuming the existence of a prior valid placer location, nevertheless defendant, prior to the time patent was asked, went upon the placer surface area and made locations of lode claims which were then and theretofore known to exist, and, therefore, in law the same were a part of the unappropriated public domain and subject to location as lode claims.

There was a replication by plaintiffs denying the new and special matters of defense, and upon the issues thus joined, in a trial to the court without a jury, the findings were that the Searl placer was duly located as required by law in the year 1877, and thereafter the annual labor had been performed as the statute provides, and that defendant's grantors had discovered the lode claims within the boundaries and subsequent to the location of the Searl placer. Based upon these findings of fact, the conclusion of law was drawn that a prior location of a placer carries with it the exclusive right of possession of the surface included within the exterior boundaries, and a prospector might not enter thereupon and prospect for, or discover, a lode claim before application for the placer patent is made, unless by abandonment the placer claimant has lost his rights. And there being no evidence of such loss it was accordingly held that the acts of defendant in entering upon the valid subsisting placer location did not initiate any right whatever. Judgment was therefore entered in favor of the owner of the placer location, and to reverse it this writ of error is prosecuted.

1. It is insisted by plaintiff in error that the land department, with which is entrusted the determination of such questions, has declared this placer location void because not on placer ground, and that such

determination is decisive of the present controversy. It is unquestionably the law that findings of fact by the land department as to matters within its jurisdiction are conclusive upon the courts whenever a collateral attack is made upon them. They may, in a proper proceeding, be impeached for fraud or mistake, but not in actions like the present. This rule, however has no application to the facts in this record. The application for a patent to the placer was rejected, but there was no decision that the ground in question was not placer ground; but merely that, as a then present fact, there was not such a showing by the applicant as entitled him to a patent. Amended applications for a patent of a mining claim are permissible under the practice in the land department. There was ho attempt finally or definitely to determine that the ground was not placer ground, or that the location was void, and to that effect are its own decisions, as will be seen by reference to the official reports. 7 *Copp's Land-Owner*, 36; *In re Searl Placer* 11 Land Dec. 441; *In re Clipper Mining Co.*, 22 Land Dec. 527.

In the last case, the secretary of the interior, in speaking of the contention made in this very case, says: "The judgment of the department in the Searl placer case went only to the extent of rejecting the application for patent. The department did not assume to declare the location of the placer void, as contended by counsel, nor did the judgment affect the possessory rights of the contestant to it." See also *Clipper Mining Co. v. Searl*, 29 Land Dec. 137. Indeed, the question as to the character of the land sought to be appropriated by claimants under the public land laws is reserved—unless under the law referred to some court—and may be passed upon by

the department until patent issues. *Barden v. N. P. R. R. Co.*, 154 U. S. 288.

This court in *Beals v. Cone*, 27 Colo. 473 (62 Pac. Rep. 948) held that a decision of the land department like the one in question is equivalent to nothing more than a judgment as of a non-suit, and not conclusive upon the department itself or upon the parties.

An additional reason why the plea of *res adjudicata* cannot be sustained is that in the former proceeding the parties are not the same as those in the present action.

2.  The principal question involved is much more important and difficult of solution.  In discussing this feature of the case, it must be considered as established that the Searl placer was an existing valid location at the time of the attempted location of the lode claims. We make this statement as counsel for plaintiff in error themselves admit that such issue was present in the case, and was determined by the trial court upon conflicting evidence, and as bearing upon this point they make no question but that the same was rightly determined.  The question, therefore, is presented whether, and if so, in what circumstances, one may, before application for a patent of a prior valid placer location is made, go upon the same for the purpose of prospecting the ground, and thereafter make a location of a lode claim based on a discovery thereafter and thus made of a vein or lode therein.

In *Aurora Lode v. Bulger Hill & Nugget Gulch Placer*, 23 L. D. 95, it was held by the secretary of the interior that the discovery and location of a placer mining claim establishes in the owner the right to the possession of the superficial area within

its boundaries for all purposes connected with, and incident to, the use and operation of the same as a placer mining claim; but that such location does not operate to give the right of possession to known veins or lodes within its limits, or preclude the right of discovery and location thereof by others. It was also held that a judicial award of the right of possession to an adverse placer claimant as against a lode applicant, does not preclude subsequent departmental inquiry upon the allegation of the lode claimant that the placer claim embraced known lodes or veins, where it appears that such question was not at issue before the court for determination by its judgment.

This case was referred to with approval by this court in *Mt. Rosa M. M. & L. Co. v. Palmer*, 26 Colo. 56. In the latter case the facts were that lode claims were known to exist, and were also duly located within the limits of a previously located placer claim before patent of the latter was applied for. A patent for the placer having been issued in such circumstances it was held that, inasmuch as the applicant did not at the time mention the lode claims, or claim them by virtue of lode locations, they were excluded from the grant of his patent. And as it further appeared that the locators of these lode claims went upon the placer ground and made locations upon veins known to exist before the application for patent was made, the conclusion was that the patentee of the placer could not recover possession of the lode claims, for they were properly located. The court said that in making them no right of the placer owner was invaded, and that their validity was not affected by the fact that they were made within the surface boundaries of a prior placer location. For

the purposes of the case, it must have been assumed as true that when the entry by the locators of the lode claims was made the lodes themselves were known to exist.

If the facts of the case at bar were the same as those in the Mt. Rosa case, we would, under its doctrine, be obliged to reverse the judgment; but they are essentially different in at least one particular to which we shall hereafter refer. But before passing to that, we notice the contention of defendants in error that *Calhoun G. M. Co. v. Ajax G. M. Co.*, 27 Colo. 1 (59 Pac. Rep. 607, 618) we have virtually held that one who has made a valid location of a placer claim has for all purposes exclusive right of possession thereto so long as he complies with the law, and that the territory embraced therein is not subject to adverse location by a claimant of the same ground under a subsequent lode location, though the lode is known to exist before application for a patent is made. Our decision in this case was not intended to qualify the doctrine established in the Mt. Rosa case. In the Calhoun case, where a lode location was involved, we were not considering, as was true in the Mt. Rosa case, the kind or extent of possession which follows a valid location of a placer claim. What was said in the Calhoun case was true as applied to a lode claim, for the right of possession of a lode claim includes the entire surface area. In the Mt. Rosa case, however, wherein was defined the rights of a placer claimant, we said that a placer location gives a qualified possession of the ground located—that is to say, it confers upon the owner the exclusive right of possession of the surface area for all purposes incident to the use and operation of the same as a placer mining claim, and all unknown

lodes or veins, but does not give the right of possession to known veins within its limits.

It is obvious that the facts of the case do not bring it within the principles laid down in the Mt. Rosa case. If, in the case at bar, the lode claims were known to exist at the time of the entry of defendant's grantors upon the Searl placer, under the decision in the Mt. Rosa case the entry was not unlawful; but if, on the contrary, the veins were then unknown, by the same decision the right of possession of this ground belonged to the owners of the placer location. Their right of possession included these unknown veins and the entry for prospecting was a trespass, and no title could thereby be initiated.

As the evidence was not brought up in the bill of exceptions, we must assume in support of the judgment below that the proof was against the defendant upon this point. Indeed, the specific finding of the trial court that defendant's grantors went upon plaintiffs' prior existing placer location and *discovered* and located lodes therein, involves the finding that the lodes were unknown at the time of the entry; for if they were known, they were not discovered by the prospectors, but were already subject to location by them; and if then unknown, the placer owner was entitled to their exclusive possession, and entry upon them by others constituted a trespass and could not initiate title.

Our conclusion, therefore, is that one may not go upon a prior valid placer location to prospect for unknown lodes and get title to lode claims thereafter discovered and located in this manner and within the placer boundaries, unless the placer owner has abandoned his claim, waives the trespass, or by his conduct is estopped to complain of it. If the trial court

intended to rule that in no circumstances may one before application for a patent of a placer claim, go upon the ground within its exterior boundaries for the purpose of locating a lode, it went too far; yet as general language in an opinion must be taken in connection with the facts in the particular case, the ruling here should be limited to the facts disclosed by the record, and no prejudicial error was committed. For, under the authorities, a prospector may not enter upon a prior placer location for the purpose of prospecting for, or locating, unknown lodes or veins; and to uphold the judgment we must presume that the evidence before the trial court showed that the veins or lodes upon which defendant's grantors based their locations were unknown when they entered upon the Searl placer for the purpose of prospecting.

The mere fact, then, that the judgment may have been based upon a legal proposition—too broadly stated as a universal rule—that in no case may a location of a lode claim be made within the boundaries of a prior valid placer location,—a legal conclusion which, as we have said, is only partially right,—is not, under the facts of· this case, sufficient to work a reversal; for certainly a lode location may not thus be made except of a known lode. Though a prospector may believe that within the limits of a placer location a lode may exist and by development work be disclosed, he has not the right to enter thereupon for the purpose of exploiting the ground to confirm his belief.

The judgment is affirmed.

*Affirmed.*

*On application to file supplemental transcript and on petition for rehearing.*

Chief Justice Campbell delivered the opinion of the court.

1. After the petition of plaintiff in error for a rehearing was presented, it asked leave to file a supplemental record to bring up proceedings in the district court which occurred subsequent to final judgment, in which, for the first time, alleged errors of that tribunal are called to our attention.

These proceedings were attacked by motions below upon which the rulings were against plaintiff in error. The objections and exceptions thereto were not preserved by a bill, as required by our practice, and for this reason alone they might now be disregarded. But, in addition to this, some of the matters embodied in the supplemental transcript were within the knowledge of plaintiff in error at, and prior to, the trial below, and all of them before the original bill of exceptions was approved and signed by the trial judge, and long before the original transcript was lodged in this court. They were, therefore, as well known to plaintiff in error before the cause was argued and submitted in this court, and before the original opinion was handed down, as they were when this application was made. It is clear that the request should be denied. Our practice precludes a party, upon a petition for a rehearing, to raise new questions. *Lamar Co. v. Amity Co.*, 26 Colo. 370; *Orman v. Ryan,*, 25 Colo. 383; *Water Co. v. Irrigation Co.*, 24 Colo. 322.

2. The petition for a rehearing is based upon three propositions: (a) the court erred in holding

that the secretary of the interior in the matter of the protest against Searl's application for a patent did not decide that the ground was not placer ground, and that said judgment of the land department was not conclusive; (b)   there was error in holding that, as matter of fact, the evidence in the court below did not show that the lode claims located by the plaintiff in error were known lodes at the time of the location, and that there was further error in holding that a lode location cannot be made within the limits of an existing placer location except upon a known lode or vein; (c)   the court misconstrued the effect of the decisions in the cases of *Aurora Lode v. Bulger Hill and Nugget Gulch Placer*, 23 L. D. 95, and *The Mt. Rosa M. M. & L. Co. v. Palmer*, 26 Colo. 56.

(a)   We can add nothing under this head to what is contained in the foregoing opinion.   No authority is cited and no argument now made which were not before us upon the original hearing.   The authorities already referred to clearly refute the position of plaintiff in error.   The decision of the land department in the case at bar was precisely the same in principle as that considered in the case of *Beals v. Cone, supra;* and plaintiff in error concedes that if this court still adheres to the doctrine of that case, as it does, the present contention falls.

In this connection we may add that, if the position of plaintiff in error is sound, it has no standing in this court; for the first decision ever made by the land department with respect to the mineral character of the Searl placer was in favor of the placer claimant in a contest between him and a townsite claimant.   See 7 Copp's Land-Owner, 36.   Such being the first decision of the land department, if, as plaintiff in error contends, it is *res adjudicata* as to

the mineral character of the placer claim, the controversy is ended, and plaintiff in error cannot reopen that question.

(b) Where in the original opinion it is intimated that plaintiff in error admits that the trial court rightly determined that the Searl placer was an existing valid location at the time of the attempted location of the lode claims, it was not our intention to say that the admission was voluntary, but only that the finding, having been made upon conflicting evidence, under the established rule in this jurisdiction the plaintiff in error, as well as the court, for the purposes of this review, is concluded by it. The transcript does not purport to contain all of the evidence.

The abstract recites that certain evidence was introduced in behalf of the plaintiffs tending to establish their cause of action, and certain other testimony in behalf of the defendant to establish its defenses. In such circumstances we cannot investigate to ascertain on which side the preponderance of the evidence is. Indeed, there has never been any serious contention that the findings of fact of the trial court were not sustained by the evidence.

In the case of *The Fannie Rawlings M. Co. v. Tribe,* *ante* p. 302, decided at this term, it was said: "Appellate courts must assume, in the absence of specific and unambiguous findings of fact to the contrary, that the lower court intended to find those facts which are responsive to the issues made by the pleadings, and essential to the judgment rendered." Let this rule be applied to the case at bar. The defendant alleged, and the plaintiffs denied, that the lode claims were known to exist before application for a placer patent. The findings were that the locators of the lode claim had not the right to go upon the

territory included within the placer location for the purpose of prospecting and locating lodes. Possibly, we have not hitherto made sufficiently prominent the fact that a patent for the placer was applied for long before an attempt was made to locate the lode claims, the original application in the year 1878 or 1879, the exact date being immaterial. An amended application was made in the year 1882, which was rejected by the secretary of the interior in November, 1890, and it was not until after this last date that the locators of the lode claims made an entry upon the placer location.

It may be true, as counsel for plaintiff in error says, that a belief existed in Leadville that this territory was underlaid with mineral, but, so far as we are able to determine, there does not seem to have been any knowledge of that fact, so far as the territory in controversy is concerned, until after the entry by defendant's grantors. At all events, the application for a placer patent was made eleven or twelve years before the alleged right to the lode claims was initiated. Before it can be said that a lode is known to exist, there must be actual knowledge, as distinguished from supposition or surmise. *Sullivan v. Iron Silver M. Co.*, 142 U. S. 431. And in order to uphold the judgment we shall assume, as very properly we may, that the trial court, as a matter of fact, found that the lodes were not known to exist until after the application for a patent was made. Indeed, we do not see what other finding could possibly be made when it is considered that the locators of the lode claims did not enter upon the placer claim to prospect until years after its owners had applied for a patent. And for aught that appears to the contrary—which is the contention of defendants in error in argument—the

lodes may have been discovered and their existence thus first become known only by sinking a shaft to a depth of several hundred feet beneath the surface, and that the entry by the lode locators was forcible and against the will of the placer claimant.

(c) Counsel insists that we have misconstrued the decisions in the cases of the Aurora Lode and the Mt. Rosa company upon which we commented in the former opinion. We have given attentive consideration to their argument in that behalf and after carefully re-reading the opinions are satisfied that we have not misconceived their effect. In the syllabus of the Aurora case it is said that the location of a mining claim "does not operate to give title or right of possession to veins or lodes within its limits, or preclude the right of discovery and location thereof by others." This language seems to be taken substantially from what is said in the opinion of the secretary of the interior at page 101 of the official report. The statement, removed from its proper setting, may be broad enough to include unknown as well as known veins or lodes; but, considered, as it should be in connection with the context, it is clear that the secretary intended it to apply only to known lodes, for he expressly says, in speaking of the general rule if the veins or lodes were "not known to exist at that date (i. e., when patent for placer claim is applied for), the placer patent will carry the title to them."

This can mean nothing else than that, if lodes or veins are not known to exist within the limits of a placer location at the time when patent for the latter is applied for, they belong to the placer claimant, and one may not thereafter make an entry upon the placer claim for the purpose of discovering and locat-

ing them.  But if the decision of the secretary of the interior in this case can, by any canons of construction, be considered authority for the contention of plaintiff in error here, that a prospector may, without restriction, within the limits of a prior valid placer claim, prospect for, and thereafter lawfully locate, lodes not known to exist at the time of the application for a placer patent, its binding effect would seem to be overcome by the `decision of the supreme court of the United States in *Bennett v. Harkrader* 158 U. S. 441, and in many other decisions of that and other courts.

The learned counsel for plaintiff in error were permitted, *amici curiæ*, to file a brief in the Mt. Rosa case, and we then had the benefit of their learning and research, and the record in the case at bar was before us when that opinion was prepared by Mr. Justice Goddard.  It was with full knowledge of the issues herein and as particularly applicable to the argument of this plaintiff in error made in that case, which is the same as it is here, that the following language found on page 61 was used:

"While we recognize to its full extent the rule that precludes the initiation of a right through a trespass upon the lawful possession of another, we think, under the established facts in this case, appellant is not in a position to invoke its protection.  The lodes in question were known to exist prior to the application for patent; and appellant not having taken the necessary steps to obtain them, they were open to location by others at the time they were located by the grantors of appellee.  In making the locations, no right of appellant was invaded, and their validity, therefore, is in no way affected by the fact that they

were made within the surface boundaries of a prior placer location."

We then had in mind, as we do now, the distinction between the facts of that case and the case at bar. There it was unquestioned that the lode claims were known to exist within the limits of the placer location before an application for patent for the latter was made. In the case at bar, as we have seen, the findings of fact of the trial court, which upon this review are conclusive upon us, are that the lode claims were not known to exist until long after the application for the placer patent was filed. The distinction is vital and the rule in the two cases is different.

In *Del Monte M. & M. Co. v. Last Chance M. & M. Co.*, 171 U. S. 55, the court, in making answer to questions certified to it by the United States circuit court of appeals of the eighth circuit, said that "the lines of a junior lode location may be laid within, upon or across the surface of a valid senior location for the purpose of defining for or securing to such junior location underground or extra-lateral rights not in conflict with any rights of the senior location." And this answer, plaintiff in error now contends, is authority for its contention to which we have just referred. With this we cannot agree. Mr. Justice Brewer, who wrote the opinion in that case, expressly recognizes the fact that no rights can be initiated as the result of a trespass, and on page 79 of the opinion says that the form in which the question is put excludes any impairment or disturbance of the substantial rights of the prior locator; and he quotes with approval the statement from 1 Lindley on Mines, §363, that "A subsequent locator may not invade the surface territory of his neighbors and include within his boundaries any

part of a prior valid and subsisting location. But conflicts of surface area are more than frequent.". While the learned judge was speaking of lode claims, the principle is just as applicable to a placer claim to the extent of the surface rights which belong to it. So long, therefore, as lode claims are not known to exist within the limits of the prior placer claim at or before the time of the application for placer patent, it is unlawful for one to go within its limits for the purpose of prospecting for, and with the hope of discovering and locating, them.

The application to file a supplemental record and the petition for a rehearing are each denied.

Mr. JUSTICE STEELE dissents.