EXCELSIOR IRON MIN. CO., et al. v. JUSTHEIM, et al.
JUSTHEIM v. EXCELSIOR IRON MIN. CO., et al.

No. 7825.   Decided February 2, 1953.   (252 P. 2d 1084.)

See 38 C. J. S., Mines and Minerals, sec. 62. Rights of locator of ore lode. 36 Am. Jur., Mines and Minerals, sec. 110; 1 A. L. R. 418.

*Franklin Riter,* Salt Lake City, for appellants.

*Ray, Rawlins, Jones & Henderson* and *Ray, Quinney & Nebeker,* Salt Lake City, for respondents.

ELLETT, District Judge.

The dispute between the parties herein involves the question of the right to mine a portion of one of the massive Utah iron ore bodies. The ore body in question is an oval-shaped continuous mass of magnetite lying in a trough-like depression, the bottom which is relatively flat. During the year 1871 some of the predecessors in interest of the plaintiff herein made a valid placer location upon a 40-acre parcel of ground on the northern portion of this ore body, hereinafter referred to as the Armstrong placer; and at the time when application was made for patent, the applicants intended to include as a lode claim the portion of the iron ore lying within their 40-acre tract. However, due to an error on the part of the surveyor, the south end of the lode claim set forth in the application for patent was some 135 feet north of the south boundary of the 40-acre placer claim. Thereafter, another predecessor in interest of the plaintiff herein filed the Cora Lode Claim not only upon that part of the iron ore body lying to the south of the placer tract but also upon the south 135 feet of the ore body within the placer tract.

The conflict in interest between these two predecessors of plaintiff reached the Federal District Court of Utah, and that court held that by failing to describe all of the lode at the time of applying for patent, the Armstrong people had failed to secure any rights to the south of the end line of the described lode within the placer and that the

Cora claim was valid. At the time when patent was applied for by the Cora people, the Armstrong interests again interposed objections, and after some considerable negotiations it was agreed that the Armstrong people would withdraw all objections, that after patent was issued to the Cora people, the Armstrong people would buy that part of the Cora lode lying within the placer tract. However, at the time patent was issued to the Cora lode the Federal Land Office reduced the surface area of the Cora claim to a width of 25 feet on each side of the midpoint thereof where the Cora impinged upon the placer claim.

The Armstrong owners refused to pay the agreed price upon the theory that the Cora could not give title to all of the lode. Suit again was brought in the Federal District Court of Utah, and again the Armstrong owners lost. The court held that while the lode claim had title to only 50 feet of the surface rights, nevertheless it had title to all of the lode which had an apex within that strip.

Title 30, Section 37, United States Code Annotated, today was in force and effect during all times heretofore mentioned and was known as R. S. Section 2333. It read:

"Where the same person, association, or corporation is in possession of a placer-claim, and also a vein or lode included within the boundaries thereof, application shall be made for a patent for the placer-claim, with the statement that it includes such vein or lode, and in such case a patent shall issue for the placer-claim, subject to the provisions of this chapter, including such vein or lode, upon the payment of five dollars per acre for such vein or lode claim, and twenty-five feet of surface on each side thereof. The remainder of the placer-claim, or any placer-claim not embracing any vein or lode-claim, shall be paid for at the rate of two dollars and fifty cents per acre, together with all costs of proceedings; and where a vein or lode, such as is described in section twenty-three hundred and twenty, is known to exist within the boundaries of a placer-claim, an application for a patent for such placer-claim which does not include an application for the vein or lode claim shall be construed as a conclusive declaration that the claimant of the placer-claim has no right of possession of the vein or lode claim; but where the existence of a vein or lode in a placer-claim is not known, a patent for the placer-

claim shall convey all valuable mineral and other deposits within the boundaries thereof. [Sec. 11, May 10, 1872.]"

Twice the Federal District Court of Utah had held that the Cora Lode Claim included the right to all of the iron ore body in the south 135 feet of the placer tract. It was thought that litigation was at an end on this particular part of the ore body, and the plaintiff Excelsior Iron Mining Company leased the ground to the plaintiff Utah Construction Company, which last named company was removing the ore by means of open-pit excavation.

The defendants take the position now that the Federal District Court of Utah was in error in holding that a claim filed upon a lode within a placer, which lode was known to exist at the time patent to the placer was asked for, does not cover any of the ore in place outside of the surface boundaries given the lode claimant. The defendants purportedly discovered the very ore which was being taken from the pit of the plaintiffs, and they filed lode claims on the area outside of the 50-foot strip granted in the original Cora patent. Plaintiffs seek to quiet title to the iron ore "discovered" by the defendants.

There are a number of contentions made by the parties regarding the claimed interest of Mr. Gorlinski and the interpretation to be placed upon the patents that were issued, but the only question which we believe necessary to be determined is whether or not the applicant for the Cora Lode Claim after the assuance of the Armstrong patent could follow the ore beyond his sidelines in the disputed strip to the limits of the ore body. If under Section 2333 set forth above he could so follow it, then these defendants have no right nor interest in and to their purported claims, and the plaintiff is entitled to judgment quieting title in itself and against the defendants and each of them.

The controlling case upon the legal question involved in this lawsuit is *Mt. Rosa Mining Company* v. *Palmer*, 26 Colo. 56, 56 P. 176, 177, 50 L. R. A. 289. That case was

decided by the Supreme Court of Colorado more than fifty years ago. The Mt. Rosa Mining Company was the owner of a placer claim which had been conveyed to it by United States patent. Palmer was the owner of two lode locations laid upon veins or lodes of ores within the placer claim after the location and patenting of the placer. Palmer brought suit against the Mt. Rosa Mining Company to quiet title to his lode claim. He contended that he was the owner of the lode claim to the full extent embraced within his locations. The mining company denied that Palmer held any title or ownership within the confines of its placer location. The trial court found that the lodes or veins covered by Palmer's locations were "known lodes or veins" at the time application for placer patent was made by the Mt. Rosa Mining Company and that since the lodes were not described in or claimed by the application for a placer patent, the mining company was conclusively presumed to have no right of possession thereto and that said veins or lodes therein were subject to location by Palmer. The question for decision then was how much of the surface Palmer should have within the placer claim. The court decided that Palmer was entitled to the entire vein or lode covered by his location but to only fifty feet of the surface width along the vein or lode.

Following the publication of the Mt. Rosa opinion, the law as there announced was formally adopted by the Secretary of Interior as the correct rule upon the subject and as binding and controlling upon the Land Office. It was pursuant to the law as laid down in that case that the patent to the Cora lode was limited to a surface width of fifty feet.

While the Mt. Rosa case continues to be the only decision by a court of last resort upon the precise point here involved, that case was interpreted, confirmed, and approved in a later case in which the Supreme Court of Colorado said in part:

"In the *Mt. Rosa* case, however, wherein was defined the rights of a placer claimaint, we said that a placer location gives a qualified

possession of the ground located; that is to say, it confers upon the owner the exclusive right of possession of the surface area for all purposes incident to the use and operation of the same as a placer mining claim, and all unknown lodes or veins, but does not give the right of possession to known veins within its limits." *Clipper Mining Co:* v. *Eli M. & L. Co.*, 29 Colo. 377, 68 P. 286, 289, 64 L. R. A. 209.

It will be noted from the foregoing quotation that the Colorado Supreme Court recognizes that the placer patent confers upon the owner the right of possession of the surface for placer mining. That right can be invaded by the locator of the lode within the placer to the extent of only fifty feet.

The rule established by the *Mt. Rosa* case was clearly recognized by the Supreme Court of Montana in *Noyes* v. *Clifford,* 37 Mont. 138, 94 P. 842, 844. Speaking of a vein or lode known to exist within a prior placer, the Montana court said:

"If the lode or vein was excepted from the terms of the patent, (placer) it, together with 25 feet on either side of, [sic] was open to exploitation and location by any citizen of the United States".

Judge Lindley refers to the *Mt. Rosa* case as the only one which "announces a definite solution of the question."

In Vol. 2, Section 415, beginning at page 969, Lindley on Mines, Third Edition, there is a discussion of "width of lode locations within placers" which treats extensively of the *Mt. Rosa* case. On page 979 and page 980 of his discussion of the *Mt. Rosa* case, the author says:

"The views thus entertained by the supreme court of Colorado have recently received the approval of the secretary of the interior in a communication addressed by him to the attorney-general. This Communication requested that proceedings be instituted in behalf of the United States to cancel a patent issued for a lode claim within a prior located placer, upon the ground, among others, that a surface covering a width of three hundred feet had been patented, whereas the surface width should have been limited to twenty-five feet on each side of the center of the vein. The secretary calls the attorney-general's attention to the views of the department as previously expressed in the cases heretofore commented on, and then gives his

unqualified sanction to the doctrine announced by the supreme court of Colorado, in the following language:

" 'This decision, coming from the court of last resort of one of the principal mining states, is entitled to grave weight, and upon careful consideration of the reasons assigned for the conclusions reached, the department is of the opinion that the interpretation given the statute in said decision is correct.'

"This opinion was referred to and followed by the secretary of the interior in the case of *Daphne Lode Claim.*

"With this consensus of opinion of the courts and the land department the rule may be considered as practically settled."

The adoption of the Mt. Rosa rule by the secretary of the interior is expressed by the decision of the Land Office in *Daphne Lode Claims,* 32 L. D. 513.

It thus appears to us that when the original location was made on the Armstrong placer claim and patent was issued therefor, all lodes described in the patent and paid for became the property of the patentee, and the southern 135 feet of the placer claim remained open to the public for lode claim filings; and when the Cora lode claimant filed on this ground, he was entitled to all of the lode which apexed within the fifty feet of surface rights awarded to him by his patent, and he had a right to follow the ore beyond the sidelines to the limits of the ore body. Thus was segregated from the public domain all of the iron ore body contained within the forty-acre placer claim; and when the plaintiff through purchase bought both the Armstrong placer and the north 135 feet of the Cora lode, it secured title to all of the iron ore within the forty-acre tract, and there was nothing for Justheim and Gorlinksy to file upon.

The judgment of the district court quieting title against defendants Justheim and Gorlinsky and in favor of the

Excelsior Iron Mining Company is affirmed. Costs to the respondent.

WOLFE, C. J., McDONOUGH and WADE, JJ., and CHARLES G. COWLEY, District Judge, concur.

CROCKETT and HENRIOD, JJ., having disqualified themselves, did not participate.